**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-7243**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SHAWN G. HARRIS,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:05-cr-00041-FPS-JES-1)

———————

Submitted: October 28, 2009     Decided: November 24, 2009

———————

Before WILKINSON, MICHAEL, and AGEE, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant. Erik S. Goes, Assistant United States Attorney, Charleston, West Virginia; John Castle Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Harris pled guilty to one count of conspiracy to possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 846, 841(b)(1)(B) (2006), and was sentenced to forty-six months' imprisonment. He now appeals. Harris' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Harris' guilty plea. Harris was advised of his right to file a pro se supplemental brief but did not do so. The Government has moved to dismiss, asserting the appeal is precluded by the waiver of appellate rights in Harris' plea agreement. We affirm in part and dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 52 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court specifically questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

Harris knowingly and voluntarily waived his right to appeal any sentence less than 97 months' imprisonment, and he does not challenge his sentence in this appeal. We will enforce the waiver in our Anders review of the record, however, and therefore grant the motion to dismiss in part, and dismiss the appeal to the extent it relates to Harris' sentence.

The appellate waiver provision does not preclude our review of the issue raised by counsel on appeal, and we therefore deny the motion to dismiss in part. Having reviewed the record, we conclude that the district court complied with

3

Rule 11 in accepting Harris' guilty plea. During the plea hearing, the district court properly informed Harris of the rights he was forfeiting as a result of his plea and the nature of the charges and penalties he faced, found that Harris was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. Therefore, the record establishes Harris knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences and there was no error in the district court's acceptance of his plea. We accordingly find no infirmity in Harris' conviction.

As required by Anders, we have reviewed the entire record and have found no unwaived meritorious issues for appeal. We therefore affirm the appeal in part and dismiss it in part. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
